UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EQUITY MERCHANT BANKING CORPORATION, L.C.,
a Florida Limited Liability Corporation
5401 North Federal Highway
Fort Lauderdale, FL 33308

RANDOLPH W. LENZ
5401 North Federal Highway
Fort Lauderdale, FL 33308

CASE NUMBER 1:03CV01081
JUDGE: Rosemary M. Collyer
DECK TYPE: General Civil
DATE STAMP: 05/16/2003

CORSTA CORPORATION
a Delaware Corporation
5401 North Federal Highway
Fort Lauderdale, FL 33308

SEAGRAVE RACING, INC.
a Delaware Corporation
5401 North Federal Highway
Fort Lauderdale, FL 33308

CORSTA, LLC
a Cayman Islands Limited Liability Company
5401 North Federal Highway
Fort Lauderdale, FL 33308

CORSTA YACHT CHARTERS, INC.
a North Carolina Corporation
5401 North Federal Highway
Fort Lauderdale, FL 33308

EFG COLLECTION, LLC
a New Jersey Limited Liability Company
5401 North Federal Highway
Fort Lauderdale, FL 33308

EMBC CAPITAL PARTNERS, LTD.
a Cayman Islands Corporation
5401 North Federal Highway
Fort Lauderdale, FL 33308

EQUITY FUNDING GROUP, L.C.
a Florida Limited Liability Corporation
5401 North Federal Highway
Fort Lauderdale, FL 33308

EQUITY INVESTMENT PARTNERS, LP
a Delaware Limited Partnership
5401 North Federal Highway
Fort Lauderdale, FL 33308

and

THE RANDOLPH W. LENZ FAMILY FOUNDATION
a Delaware Corporation
5401 North Federal Highway
Fort Lauderdale, FL 33308

PLAINTIFFS,

V.

FEDERAL DEPOSIT INSURANCE CORPORATION,
as Receiver for The Connecticut Bank of Commerce and
In Its Corporate Capacity
1910 Pacific Avenue
Dallas, TX 75201

DEFENDANT.

**COMPLAINT**

Plaintiffs, Equity Merchant Banking Corporation, L.C., Randolph W. Lenz, Corsta Corporation, Corsta, LLC, EFG Collection, LLC, EMBC Capital Partners, Ltd., Equity Funding Group, L.C., Equity Investment Partners, LP and The Randolph W. Lenz Family Foundation, by their attorney, Richard A. Frederick, as and for their Complaint against Defendant, Federal Deposit Insurance Corporation, as Receiver for The Connecticut Bank of Commerce and in its Corporate Capacity, allege and show to the Court as follows:

## PARTIES

1. Plaintiff, EQUITY MERCHANT BANKING CORPORATION, L.C., is a Florida Limited Liability Corporation, with its principal operating address being 5401 North Federal Highway, Fort Lauderdale, FL 33308.

2. Plaintiff, RANDOLPH W. LENZ, in an adult resident of the State of Florida whose principal place of business is 5401 North Federal Highway, Fort Lauderdale, FL 33308.

3. Plaintiff, CORSTA CORPORATION, is a Delaware Corporation, with its principal place of business at 5401 North Federal Highway, Fort Lauderdale, FL 33308.

4. Plaintiff, SEAGRAVE RACING, INC., is a Delaware Corporation, with its principal place of business at 5401 North Federal Highway, Fort Lauderdale, FL 33308.

5. Plaintiff, CORSTA, LLC, is a Cayman Islands Limited Liability Company, with its principal place of business at 5401 North Federal Highway, Fort Lauderdale, FL 33308.

6. Plaintiff, CORSTA YACHT CHARTERS, INC., is a North Carolina Corporation, with its principal place of business at 5401 North Federal Highway, Fort Lauderdale, FL 33308.

7. Plaintiff, EFG COLLECTION, LLC, is a New Jersey Limited Liability Company, with its principal place of business at 5401 North Federal Highway, Fort Lauderdale, FL 33308.

8. Plaintiff, EMBC CAPITAL PARTNERS, LTD., is a Cayman Islands Corporation with its principal place of business located at 5401 North Federal Highway, Fort Lauderdale, FL 33308.

9. Plaintiff, EQUITY FUNDING GROUP, LC, is a Florida Limited Liability Corporation, with its principal place of business located at 5401 North Federal Highway, Fort Lauderdale, FL 33308.

10. Plaintiff, EQUITY INVESTMENT PARTNERS, LP, is a Delaware Limited Partnership , with its principal place of business located at 5401 North Federal Highway, Fort Lauderdale, FL 33308.

11. Plaintiff, THE RANDOLPH W. LENZ FAMILY FOUNDATION, is a Delaware Corporation with its principal place of business located at 5401 North Federal Highway, Fort Lauderdale, FL 33308.

12. Defendant, FEDERAL DEPOSIT INSURANCE CORPORATION, is an agency of the government of the United States of America with its principal place of business located at 1910 Pacific Avenue, Dallas, TX 75201 and is a party to this action as Receiver for The Connecticut Bank of Commerce and In Its Corporate Capacity.

## JURISDICTION AND VENUE

Jurisdiction and venue for this action lie in the United States District Court for the District of Columbia under and pursuant to Section 12 U.S.C. 1821(b).

## GENERAL ALLEGATIONS

14. The Connecticut Bank of Commerce ("CBC") failed on June 26, 2002, and the Federal Deposit Insurance Corporation ("FDIC") was appointed as its receiver, and by operation of United States law, it acquired the right, title and interest of CBC in its assets as well as possession or dominium and control of assets belonging to others.

15. Each of the Plaintiffs owns assets or accounts or other property over which the Defendant has possession, dominion or control.

16. Certain of the Plaintiffs had deposit accounts with CBC and such accounts may be insured by the Defendant under 12 U.S.C. § 1821.

17. Each Plaintiff made a claim against the Defendant by filing a Proof of Claim on forms provided by the Defendant.

18. In the case of each Proof of Claim filed by the Plaintiffs, the FDIC disallowed the Plaintiffs' claim by Notice of Disallowance of Claim.

19. In certain of the disallowances of Proof of Claims, the Defendant withheld the assets and deposits of the Plaintiffs pursuant to 12 U.S.C. § 1822(d). Such withheld assets and deposits are hereinafter referred to as "Withheld Assets".

20. There are factual and legal issues common to the Plaintiffs which make it appropriate that these several Plaintiffs join together in this Complaint.

## CLAIMS

### First Claim of EMBC

20. EMBC is the owner of a deposit account formerly with CBC identified as CBC Account Number 1478627 in the approximate amount of $5,761.45 plus interest.

21. EMBC filed a Proof of Claim against the Defendant on August 29, 2002 for such deposit account.

22. The Defendant wrongfully disallowed EMBC's Claim by notice dated March 26, 2003.

23. EMBC is entitled to the property referred to in such Proof of Claim.

### Second Claim of EMBC

24. There exists a Lease Facility Agreement dated as of July 12, 2000 by and between Agro Air Associates, Inc. as Lessee, and CBC and EMBC, as Lessors, for equipment referred to therein purchased for approximately $7,650,000 ("Lease") and that EMBC's interest in the

Lessor's interest in such Lease is represented by a fraction the numerator of which is $500,000, and the denominator of which is $7,150,000.

25. CBC acted as agent for the collection of funds pursuant to the Lease and was required thereby to pay to EMBC its proportionate share of payments received under the Lease.

26. Upon information and belief, the Defendant has received payments from the Lessee under the Lease and it has refused to pay to EMBC its proportionate share of such payment.

27. EMBC filed a Proof of Claim against the Defendant on September 17, 2002 for its participation in the remaining balance due upon its proportionate share of its participation/ownership interest in the Lease in the amount of $317,446.22.

28. The Defendant wrongfully disallowed the claim on March 25, 2003 on several grounds, including that it was a Withheld Asset.

29. EMBC is the owner of and entitled to its proportionate interest in the Lease as well as the payments received to date and those to be received in the future.

### First Claim of Randolph W. Lenz

30. Randolph W. Lenz ("Lenz") is the owner of deposit accounts formerly with CBC identified as CBC Accounts Numbered as follows with the approximate following amounts, plus interest:

| Account #: | Amount |
|---|---|
| 1457167 | $19,812.06 |
| 1477389 | $1,151.09 |
| 1455906 | $1,012.94 |

31. Lenz filed a Proof of Claim against the Defendant on September 6, 2002 for such deposit accounts

32. The Defendant wrongfully disallowed Lenz's Claims by notice dated March 25, 2003 on various grounds including that it was a Withheld Asset.

33. Lenz filed a Proof of Claim against the Defendant on September 6, 2002 for such deposit accounts

34. Lenz is entitled to the property referred to in such Proof of Claim.

### Second Claim of Randolph W. Lenz

35. Lenz was an employee of CBC, and as such, was entitled to reimbursement of expenses incurred by Lenz in the performance of his duties.

36. Lenz incurred expenses on behalf of CBC for the period of April 25 through May 25, 2002 in the amount of $2,179.19, and for the period May 26 through June 27, 2002 the sum of $1,798.00.

37. Lenz filed a Proof of Claim against the Defendant on September 6, 2002 for such expenses.

38. The Defendant wrongfully disallowed Lenz's Claims by notice dated March 25, 2003 on various grounds including that it was a Withheld Asset.

39. Lenz is entitled to reimbursement of the amount set forth in such Proof of Claim in respect to these reimbursable amounts.

### Claim of Corsta Corporation

40. Corsta Corporation ("Corsta Corp.") is the owner of a deposit account formerly with CBC identified as CBC Account Number 1456052 in the approximate amount of $5,735.11 plus interest.

41. Corsta Corp. filed a Proof of Claim against the Defendant on August 29, 2002 for such deposit account.

42. The Defendant wrongfully disallowed the claim on March 25, 2003 on several grounds, including that it was a Withheld Asset.

43. Corsta Corp. is entitled to the property referred to in such Proof of Claim.

### Claim of Seagrave Racing, Inc.

44. Seagrave Racing, Inc. ("Seagrave") is the owner of a deposit account formerly with CBC identified as CBC Account Number 1461565 in the approximate amount of $306.86 plus interest.

45. Seagrave filed a Proof of Claim against the Defendant on September 6, 2002 for such deposit account.

46. The Defendant wrongfully disallowed the claim on March 25, 2003 on several grounds, including that it was a Withheld Asset.

47. Seagrave is entitled to the property referred to in such Proof of Claim.

### Claim of Corsta, LLC

48. Corsta, LLC ("Corsta LLC") is the owner of a deposit account formerly with CBC identified as CBC Account Number 1463-819 in the approximate amount of $44,203.16 plus interest.

49. Corsta LLC filed a Proof of Claim against the Defendant on August 29, 2002 for such deposit account.

50. The Defendant wrongfully disallowed the claim on March 25, 2003 on several grounds, including that it was a Withheld Asset.

51. Corsta LLC is entitled to the property referred to in such Proof of Claim.

### Claim of Corsta Yacht Charters, Inc.

52. Corsta Yacht Charters, Inc. ("Corsta Yacht") is the owner of a deposit account formerly with CBC identified as CBC Account Number 1461946 in the approximate amount of $912.26 plus interest.

53. Corsta Yacht filed a Proof of Claim against the Defendant on September 6, 2002 for such deposit account.

54. The Defendant wrongfully disallowed the claim on March 25, 2003 on several grounds, including that it was a Withheld Asset.

55. Corsta Yacht is entitled to the property referred to in such Proof of Claim.

## Claim of EFG Collection, LLC

56. EFG Collection. LLC ("EFG") is the owner of a deposit account formerly with CBC identified as CBC Account Number 2109049 in the approximate amount of $7,269.36 plus interest.

57. EFG filed a Proof of Claim against the Defendant on August 29, 2002 for such deposit account.

58. The Defendant wrongfully disallowed the claim on March 25, 2003 on several grounds, including that it was a Withheld Asset.

59. EFG is entitled to the property referred to in such Proof of Claim.

## Claim of EMBC Capital Partners, Ltd.

60. EMBC Capital Partners, Ltd. ("EMBC Capital") is the owner of a deposit account formerly with CBC identified as CBC Account Number 30102294 in the approximate amount of $1,322.52 plus interest.

61. EMBC Capital filed a Proof of Claim against the Defendant on September 17, 2002 for such deposit account.

62. The Defendant wrongfully disallowed the claim on March 26, 2003 on several grounds, including that it was a Withheld Asset.

63. EMBC Capital is entitled to the property referred to in such Proof of Claim.

**Claim of Equity Funding Group, LC**

64. Equity Funding Group, LC ("Equity") is the owner of a deposit account formerly with CBC identified as CBC Account Number 2018846 in the approximate amount of $830.41 plus interest.

65. Equity filed a Proof of Claim against the Defendant on August 29, 2002 for such deposit account.

66. The Defendant wrongfully disallowed the claim on March 25, 2003 on several grounds, including that it was a Withheld Asset.

67. Equity is entitled to the property referred to in such Proof of Claim.

**Claim of Equity Investment Partners, LP**

68. Equity Investment Partners, LP ("Equity Investment") is the owner of a deposit account formerly with CBC identified as CBC Account Number *1463959* in the approximate amount of $344.67 plus interest.

69. Equity Investment filed a Proof of Claim against the Defendant on August 29, 2002 for such deposit account.

70. The Defendant wrongfully disallowed Equity Investment's Claim by notice dated March 25, 2003.

71. Equity Investment is entitled to the property referred to in such Proof of Claim.

**Claim of The Randolph W. Lenz Family Foundation**

72. The Randolph W. Lenz Family Foundation ("Lenz Foundation") is the owner of a deposit account formerly with CBC identified as CBC Account Number 1476449 in the approximate amount of $9.37 plus interest.

73. Lenz Foundation filed a Proof of Claim against the Defendant on August 29, 2002 for such deposit account.

74. The Defendant wrongfully disallowed Lenz Foundation's Claim by notice dated March 25, 2003.

75. Lenz Foundation is entitled to the property referred to in such Proof of Claim.

**WHEREFORE**, the Plaintiffs demand judgment against the Federal Deposit Insurance Corporation as follows:

1.   On the first claim of EMBC, judgment against the FDIC in the amount of $5,761.45 plus interest;

2.   On the second claim of EMBC, judgment against the FDIC in the amount of EMBC's proportionate interest in payments already received by the Defendant as well as an order requiring the Defendant to pay all future amounts due to EMBC under the Lease, as well as an order determining EMBC's interest in the Lease;

3.   On the first claim of Randolph W. Lenz, judgment against the FDIC in the amount of $21,976.09 plus interest;

4.   On the second claim of Randolph W. Lenz, judgment against the FDIC in the amount of $3,977.19 plus interest;

5.   On the claim of Corsta Corporation, judgment against the FDIC in the amount of $ 5,735.11 plus interest;

6.   On the claim of Seagrave Racing, Inc., judgment against the FDIC in the amount of $306.86 plus interest;

7.   On the claim of Corsta, LLC, judgment against the FDIC in the amount of $44,203.16 plus interest;

8.     On the claim of Corsta Yacht Charters, Inc., judgment against the FDIC in the amount of $912.26 plus interest;

9.     On the claim of EFG Collection, LLC, judgment against the FDIC in the amount of $7,269.36 plus interest;

10.    On the claim of EMBC Capital Partners, Ltd., judgment against the FDIC in the amount of $1,322.52 plus interest;

11.    On the claim of Equity Funding Group, L.C., judgment against the FDIC in the amount of $830.41 plus interest;

12.    On the claim of Equity Investment Partners, LP, judgment against the FDIC in the amount of $344.67 plus interest; and

13.    On the claim of The Randolph W. Lenz Family Foundation, judgment against the FDIC in the amount of $9.37 plus interest.

Respectfully submitted this __16th__ day of May, 2003.

**PALEY, ROTHMAN, GOLDSTEIN,**
**ROSENBERG & COOPER**

By: _____/s_____

   **MARK A. BINSTOCK**
   **Bar ID #: 231373**

**P.O. Address:**
4800 Hampden Lane, Seventh Floor
Bethesda, MD 20814
(301) 656-7603

Of Counsel:
Richard A. Frederick
1840 North Farwell Avenue Suite 301
Milwaukee, WI 53202